[No. 7149. Decided October 15, 1908.]

F. W. JOHNS, *Respondent*, v. S. A. ASH, *Appellant*.[1]

DANGEROUS PREMISES—ACTIONS—CAUSE OF ACCIDENT—EVIDENCE—
SUFFICIENCY. There is sufficient evidence that the cause of plaintiff's
injury was a cellar door, maintained by defendant between his two
buildings and projecting over four feet into the street, where it ap-
pears that the distance between the two buildings was only twenty-
three feet, that plaintiff left one of the buildings and had gone only
a short distance when he fell on something and when he recovered
he found himself lying on the cellar door, and other witnesses only a
few feet distant heard the plaintiff cry out and found him injured
on the door.

Appeal from a judgment of the superior court for Walla
Walla county, Brents, J., entered October 28, 1907, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action for injuries sustained through a fall on a cellar door.
Affirmed.

*Cain & Hurspool*, for appellant.

*W. B. Mitton* and *Brooks & Bartlett*, for respondent.

DUNBAR, J.—The appellant owns and maintains two build-
ings in the town of Wallula, and owns the land on which the
buildings are situated. There is a space of about twenty-three
feet between the buildings. In this space the appellant main-
tains an outdoor cellar, with the door projecting into the
street four feet and four inches beyond the property line.
The cellar door slopes back from the street at an angle of
five and one-half inches to the foot. The cellar door is
about three and one-half feet wide. One of the appellant's
buildings mentioned above is a restaurant; the other one, a
candy store. On the evening of December 6, 1906, the re-
spondent, who had taken his supper at the restaurant men-
tioned, started across the street, fell—he alleges—on the cel-
lar door and was injured. Suit was brought for damages,
and a judgment rendered for $430. From this judgment

[1]Reported in 97 Pac. 748.

this appeal is taken and raises only one question, viz., the sufficiency of the evidence to sustain the verdict.

It is the contention of the appellant that there is no definite testimony tending to prove that it was the cellar door which caused the respondent to fall, and that the jury had to indulge in guesswork to determine the cause of the injury. But we do not think this case falls within the reason of the rule announced by this court in many cases where it was decided that mere speculation and conjecture could not be accepted as legitimate testimony. It is true, the respondent does not swear, in so many words, that he stumbled over the cellar door, but he describes the course he was traveling, and the path in which the cellar was situated; he testifies that he struck something which threw his legs from under him and hurt him so badly that he screamed for help, and that when he recovered himself he was lying on what he presumed was the cellar door. Witness J. H. Scharry testified that he was walking a few steps ahead of respondent, heard somebody fall, and immediately heard respondent cry out that he was hurt; that he stepped back and found respondent injured on the cellar door. And to the same effect was the testimony of witness J. B. Reese. Considering the fact that these persons were all within a few feet of each other, and that it was only twenty-two feet between the restaurant and the candy store where the cellar is located, we think there is strong circumstantial evidence tending to show that the cellar door was the cause of the injury. And assuming the truth of all the evidence for the purpose of determining this question, and adding thereto every inference which the jury were warranted in drawing therefrom, we think the legal sufficiency of the evidence is abundantly established. The jury made special findings on all the material issues involved, and all in favor of the respondent.

Judgment affirmed.

RUDKIN, CROW, FULLERTON, and ROOT, JJ., concur.
HADLEY, C. J., and MOUNT, J., took no part.